| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>Address: 270 South Tejon Street<br>Colorado Springs, CO 80903<br>Telephone: (719) 452-5000 | DATE FILED: March 17, 2020 4:45 PM<br>FILING ID: 3252D132209A8<br>CASE NUMBER: 2020CV30597 |
| PEAK FENCING, INC., a Colorado corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MARKEL AMERICAN INSURANCE COMPANY d/b/a MARKEL SPECIALTY INSURANCE, a Virginia corporation;<br>BROWN & JOSEPH, LLC; an Illinois limited liability company,<br><br>    Defendants. | ▲    COURT USE ONLY    ▲ |
| *Attorneys for Plaintiff*:<br><br>Michael D. Kuhn, #42784<br>Andrew E. Swan, #46665<br>LEWIS \| KUHN \| SWAN PC<br>620 North Tejon Street, Suite 101<br>Colorado Springs, CO  80903<br>Telephone:  (719) 694-3000<br>Email:     mkuhn@lks.law<br>              aswan@lks.law | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Peak Fencing, Inc., by and through counsel, Lewis Kuhn Swan PC, submits its Complaint and Jury Demand ("Complaint") as follows:

**PARTIES**

1. Plaintiff Peak Fencing, Inc. ("Plaintiff") is a Colorado corporation maintaining its principal place of business in Colorado Springs, Colorado. Plaintiff is an established and well-respected provider of fencing installation services throughout the Pikes Peak Region.

2. Defendant Markel American Insurance Company d/b/a Markel Specialty Insurance ("Defendant Markel Insurance") is a Virginia corporation maintaining its principal place of

business in Glen Allen, Virginia. Defendant Markel Insurance is one of the nation's largest insurance carriers with revenues of nearly $10 billion in 2019.

3. Defendant Brown & Joseph, LLC ("Defendant Brown & Joseph") is a limited liability company organized under the laws of the State of Illinois. Defendant Brown & Joseph is a national business-to-business debt collections company.

4. Defendant Markel Insurance and Defendant Brown & Joseph shall collectively be referred to as "Defendants."

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants because, among other things, this action arises out of an insurance policy that was sold, and was sold to an insured, in Colorado Springs, Colorado. Moreover, this action arises from torts occurring in Colorado Springs, Colorado.

6. Venue is proper in this Court because, among other things, this action arises, in whole or in part, out of conduct that occurred in El Paso County, Colorado.

## GENERAL ALLEGATIONS

7. Nearly eight years ago, Plaintiff, through its owner Mark Lundy, purchased a workers' compensation insurance policy from Defendant Markel Insurance.

8. Plaintiff timely paid all premiums, and Defendant Markel Insurance provided such coverage, at all times relevant to this Complaint.

9. Plaintiff has never had a claim with Defendant Markel Insurance.

10. As a provider of fencing installation, Plaintiff employs certain individuals and maintains independent contractor relationships with certain entities. By way of example, Plaintiff maintains independent contractor relationships with subcontractors who install fences for Plaintiff's customers.

11. Plaintiff complies with applicable legal formalities in its independent contractor relationships. Among other things, Plaintiff has compliant independent contractor agreements, plainly informs contractors that they are not entitled to certain benefits (including Plaintiff-provided workers' compensation insurance) and are responsible for their own taxes, and requires contractors that they must maintain certain minimum insurance coverage on their own.

12. On or about May 25, 2019, Defendant Markel Insurance contacted Plaintiff to announce an "audit on [its] Workers' Compensation policy[.]" The May 25, 2019 correspondence

contained a three-page form which Mr. Lundy timely completed and submitted on behalf of Plaintiff.

13. Defendant Markel Insurance conducted a flim-flam investigation, disregarding Plaintiff's maintenance of proper independent contractor agreements.

14. Defendant Markel Insurance erroneously concluded that Plaintiff had misclassified certain independent contractors. As a result of this finding, Defendant Markel Insurance demanded $197,604 from Plaintiff. Specifically, Defendant Markel Insurance claims an entitlement to $53,640 from the time period of May 31, 2016 to May 31, 2017; $67,657 from the time period of May 31, 2017 to May 31, 2018; and $76,307 from the time period of May 31, 2018 to May 31, 2019.

15. Defendant Markel Insurance then retained Defendant Brown & Joseph to collect this purported debt.

16. Acting through the Leviton Law Firm, an in-house law firm, Defendant Brown & Joseph repeatedly hounded Plaintiff for payment of this claimed debt.

17. In recent months, Defendant Brown & Joseph, acting through the Leviton Law Firm, has reached out to entities with which Plaintiff does business and falsely claimed, among other things, that Plaintiff does not carry workers' compensation insurance.

18. Plaintiff in fact maintains proper insurance coverage.

19. On information and belief, the Leviton Law Firm is completely subsumed by Defendant Brown & Joseph. Among other things, the Leviton Law Firm only represents Defendant Brown & Joseph and the two entities share an address in the same building in Itasca, Illinois.

20. Defendant Brown & Joseph is liable for the acts of the Leviton Law Firm under the law of agency.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**
*Plaintiff v. Defendants*

21. Plaintiff incorporates all prior allegations of the Complaint.

22. Plaintiff seeks declaratory relief pursuant to the Uniform Declaratory Judgments Law, Colo. Rev. Stat. § 13-51-101 et seq., and Colo. R. Civ. P. 57.

23. Plaintiff is entitled to declaratory relief because there is uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal obligations regarding the purported debt claimed by Defendant Markel Insurance and pursued by Defendant Brown & Joseph.

24. Plaintiff prays that the Court declare as follows:

   a. that Plaintiff properly classified the relevant subcontractors as independent contractors;

   b. that the relevant subcontractors are not employees within the meaning of applicable law and the subject workers' compensation insurance policy;

   c. that the debt claimed by Defendant Markel Insurance and pursued by Defendant Brown & Joseph is invalid; and

   d. that Plaintiff owes no financial obligation to either Defendant Markel Insurance or Defendant Brown & Joseph.

## SECOND CLAIM FOR RELIEF
**(Tortious Interference with Prospective and Existing Business Advantage or Relations)**
*Plaintiff v. Defendant Brown & Joseph*

25. Plaintiff incorporates all prior allegations of the Complaint.

26. Plaintiff has both prospective and existing contractual relationships with insurance brokers and insurance carriers (other than Defendant Markel Insurance) for purposes of providing workers' compensation, and other, insurance.

27. Defendant Brown & Joseph knew, or reasonably should have known, of these prospective and existing contractual relations.

28. By words or conduct or both, Defendant Brown & Joseph, individually and through its agent the Leviton Law Firm, sought to cause third parties not to enter into, or to discontinue, contractual relations with Plaintiff. Specifically, Defendant Brown & Joseph, acting through the Leviton Law Firm, contacted Plaintiff's insurance broker and current workers' compensation insurance carrier and claimed that Plaintiff was breaking the law in context of its independent contractors. On information and belief, Plaintiff's current workers' compensation insurance carrier suspended Plaintiff's policy because of Defendant Brown & Joseph's claims.

29. Defendant Brown & Joseph's interference was improper.

30. By its interference with Plaintiff's prospective and existing business advantage or relations, Defendant Brown & Joseph has damaged Plaintiff in an amount to be established at trial for which it is liable.

### THIRD CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract)
*Plaintiff v. Defendant Markel Insurance*

31. Plaintiff incorporates all prior allegations of the Complaint.

32. Plaintiff's policy with Defendant Markel Insurance is a contract of insurance.

33. Plaintiff performed all of its obligations thereunder or was excused from performance.

34. Such policy contains an implied covenant of good faith and fair dealing under which Defendant Markel Insurance must treat all beneficiaries, including Plaintiff, fairly, honestly, and in good faith. Defendant Markel Insurance must further faithfully perform its duties under the policy and to do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's right to receive benefits thereunder.

35. Defendant Markel Insurance breached its duty of good faith and fair dealing by, among other things, conducting an improper, biased, and inaccurate audit of Plaintiff's account and then by irrationally calculating its purported costs.

36. Defendant Markel Insurance's actions were unreasonable, outrageous, and exhibited reckless disregard for the rights and benefits of Plaintiff, and thus constitute bad faith on the part of Defendant Markel Insurance.

37. As a result of Defendant Markel Insurance's bad faith breach of the subject policy, Plaintiff has suffered damages in an amount to be established at trial for which Defendant Markel Insurance is liable.

38. The injuries and losses resulting from Defendant Markel Insurance's bad faith breach of insurance contract are attended by circumstances of willful and wanton conduct, entitling Plaintiff to an award of exemplary damages against Defendant Markel Insurance. Accordingly, Plaintiff reserves the right to amend this Complaint at the appropriate time to assert a claim for exemplary damages.

WHEREFORE, Plaintiff respectfully requests that the Court use its equitable powers to declare as specified above and to award Plaintiff damages against Defendants along with all costs.

Respectfully submitted this 17th day of March, 2020.

                                        LEWIS | KUHN | SWAN PC
*(Signed Original on File at Lewis Kuhn Swan PC)*

*/s/ Andrew E. Swan*
Michael D. Kuhn, #42784
Andrew E. Swan, #46665

*Attorneys for Plaintiff*

Plaintiff's Address:
3450 Fillmore Ridge Heights
Colorado Springs, CO 80907